IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JEAN POWELL, ARTWELL CRAFT,
CELIA ESTER, AND DELCINE ISOM,                                PLAINTIFFS,

VS.                                                  CIVIL ACTION NO. 2:05CV236-P-A

LEFLEUR TRANSPORTATION OF TUPELO,
INC.; ET AL.,                                                  DEFENDANTS.

## FINAL JUDGMENT

This matter comes before the court upon Defendants' Motion to Dismiss Pursuant to Rule 41(b) for Failure to Prosecute and to Require Payment of Previously-Assessed Sanctions [14-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

> Fed. R. Civ. P. 41(b) provides:
>
> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19 operates as an adjudication upon the merits.

In general, courts do not usually dismiss actions with prejudice pursuant to Rule 41(b) if there is a lesser sanction that vindicate the purpose of the rules *E.g., McCloud R.R. Co. v. Sabine River Forest Prods., Inc.*, 735 F.2d 879 (5th Cir. 1984). "Dismissals with prejudice are reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors ... includ[ing] (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3)

1

delay causing prejudice to the defendant." *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (internal citations omitted).

The plaintiffs filed the instant action November 18, 2005. On June 15, 2006, the defendants move to dismiss this action with prejudice for the plaintiffs' (1) failure to comply with the court's March 9, 2006 Local Rule 16.1A Initial Order requiring pre-discovery disclosures by having never, to date, made initial disclosures; (2) failure to appear at the case management conference set by the Rule 16.1A Initial Order; and (3) failure to comply with the court's April 25, 2006 order levying sanctions upon the plaintiffs for missing the case management conference by not having paid those sanctions to date.

Having considered the plaintiffs' response to the motion, the court concludes pursuant to Rule 41(b) that this action should be dismissed for failure to comply with the court's Rule 16.1A order and its order levying sanctions. However, the court declines to dismiss the action with prejudice since the instant dismissal and the terms discussed below are lesser sanctions that would vindicate the purpose of the rules.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Dismiss Pursuant to Rule 41(b) for Failure to Prosecute and to Require Payment of Previously-Assessed Sanctions [14-1] is **GRANTED**; therefore,

(2) All of the plaintiffs' claims against all of the defendants are **DISMISSED WITHOUT PREJUDICE**;

(3) Plaintiffs are to pay the sanctions owed pursuant to the court's April 25, 2006 Order by Friday, August 25, 2006 or suffer the consequences;

(4) Plaintiffs' counsel, Joe Morgan Wilson, may not file any new cases in the Northern District of Mississippi until the aforementioned sanctions are paid and he has complied with the Court's Standing Order dated October 1, 2005 and the Clerk's Office's Notice of Mandatory Electronic Case Filing after January 1, 2006 by registering for CM/ECF.

**SO ORDERED** this the 24th day of July, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE